**UNITED STATES of America,**
**Appellee,**

v.

**SHAHEED KHAN, Defendant–**
**Appellant.**

No. 07–0243–cr.

United States Court of Appeals,
Second Circuit.

April 5, 2007.

Michael Ramos, Assistant United States Attorney (Roslynn R. Mauskoff, United States Attorney for the Eastern District of New York, on the brief; Jo Ann M. Navickas, Assistant United States Attorney, of counsel), Brooklyn, New York, for Appellee.

Robert M. Simels, New York, New York, for Defendant–Appellant.

Present: Hon. WILFRED FEINBERG, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Shaheed Khan appeals, under Federal Rule of Appellate Procedure 9(a), from a January 16, 2007 order of the United States District Court for the Eastern District of New York (Irizarry, J.) denying his application for bail and directing that he be detained pending trial. We assume the parties' familiarity with the underlying facts and procedural history of the case and with the arguments on appeal.

The district court did not clearly err in finding, under the factors identified in 18 U.S.C. § 3142(g), that Khan should be detained pending trial. As to the nature and circumstances of the offense, see 18 U.S.C. § 3142(g)(1), the district court correctly noted that it is relevant under § 3142(g) that Khan is charged with a controlled-substance offense that is subject to a maximum sentence of life imprisonment. As to the weight of the evidence against Khan, see id. § 3142(g)(2), the district court found that the government's proffer provided "sufficient evidence certainly to go to trial and possibly even to convict." This finding was not clearly erroneous given that the government proffered evidence that included cooperating witnesses who could testify to Khan's involvement in a drug organization, documents seized from Khan's home in Guyana showing his involvement in drug trafficking, a drug ledger describing cocaine distribution, apprehended drug couriers whom the cooperating witnesses could tie to Khan, and documents found in Khan's possession that the government had produced in discovery in other federal prosecutions and Khan had no legitimate reason to possess.

Finally, the district court properly considered factors related to Khan's history and characteristics. See id. § 3142(g)(3). The court noted that although Khan has a

number of family members in the United States, these family ties were insufficient to secure his appearance at proceedings before the United States District Court for the District of Vermont in 1994 following his indictment there for being a felon in possession of firearms. It also considered Khan's 1992 conviction in Maryland for breaking and entering, his 1993 indictment in the District of Vermont, his flight to Guyana in 1994 following his release on bail in the Vermont proceedings, and the ensuing twelve years during which he took no steps to return to the United States to visit his family or answer the charges against him.

Given these considerations, the district court's decision to order Khan detained pending trial was not clearly erroneous. *See United States v. Martir*, 782 F.2d 1141, 1146 (2d Cir.1986). Therefore, the judgment of the district court is affirmed.